01

02

03

04

05

06

07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

08 LETICIA DE GUZMAN,                    )    Case No. C07-496-TSZ-JPD
                                         )
09          Plaintiff,                   )
                                         )
10    v.                                 )
                                         )    REPORT AND RECOMMENDATION
11                                       )
     MICHAEL J. ASTRUE, Commissioner,    )
12   Social Security Administration,     )
                                         )
13          Defendant.                   )
     _____)

14

15          Plaintiff Leticia De Guzman appeals the final decision of the Commissioner of the

16   Social Security Administration ("Commissioner") which denied her applications for Disability

17   Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and

18   XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an

19   administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends

20   that the Commissioner's decision be AFFIRMED, and this case be dismissed with prejudice.

21                        I.  FACTS AND PROCEDURAL HISTORY

22          At the time of her second hearing, plaintiff was a fifty-nine year-old woman with a

23   fourth grade education.  Administrative Record ("AR") at 618.  Her past work experience

24   includes employment as an assembler/packer at Microsoft, and as a hotel housekeeper.  AR at

25   147.  Plaintiff was last gainfully employed in January 2003.  AR at 120.

26          Plaintiff asserts that she is disabled due to chronic stomach and abdominal pain and

REPORT AND RECOMMENDATION
PAGE -1

01   cervical disorder, post-surgical complications and mental health disorders.  She asserts an

02   amended onset date of January 30, 2003.  AR at 14.

03        After the Commissioner denied plaintiff's claim initially and on reconsideration,

04   plaintiff requested a hearing.  The initial hearing took place on May 3, 2005.  AR at 599-613.

05   In November 2005, the ALJ issued an adverse decision.  AR at 33-43.  The plaintiff requested

06   administrative review by the Appeals Council, and in July 2006, the Appeals Council

07   remanded the case back to the ALJ to take further evidence and give further consideration to

08   the plaintiff's maximum residual functional capacity ("RFC"), reconsider the medical evidence,

09   and reevaluate the subjective complaints and her past relevant work.  AR at 45-47.  A second

10   hearing took place on December 8, 2006.  AR 614-49.  On January 11, 2007, the ALJ issued a

11   decision finding plaintiff not disabled and denied benefits based on his finding that plaintiff

12   could perform a specific job existing in significant numbers in the national economy.  AR at 9-

13   23.

14        Plaintiff again requested administrative review of the ALJ's decision.  The Appeals

15   Council considered the request, but in an opinion dated February 7, 2007, denied the relief

16   requested and adopted the ALJ's January 11, 2007 decision.  AR at 9-11.  After two hearings

17   and two reviews by the Appeals Council, plaintiff has filed this action challenging the

18   Commissioner's decision.  Dkt. No. 3.

II.  JURISDICTION

20        Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

21   405(g) and 1383(c)(3).

III.  STANDARD OF REVIEW

23        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

24   social security benefits when the ALJ's findings are based on legal error or not supported by

25   substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

26   Cir. 2005).  "Substantial evidence" is more than a scintilla, less than preponderance, and is

REPORT AND RECOMMENDATION
PAGE -2

01  such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

02  *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

03  (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

04  medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*,

05  53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a

06  whole, it may neither reweigh the evidence nor substitute its judgment for that of the

07  Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence

08  is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

09  must be upheld.  *Id.*

10  The Court may direct an award of benefits where "the record has been fully developed

11  and further administrative proceedings would serve no useful purpose."  *McCartey v.*

12  *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273,

13  1292 (9th Cir. 1996)).  The Court may find that this occurs when:

14  (1)  the ALJ has failed to provide legally sufficient reasons for rejecting the
     claimant's evidence; (2)  there are no outstanding issues that must be resolved

15  before a determination of disability can be made; and (3)  it is clear from the
     record that the ALJ would be required to find the claimant disabled if he

16  considered the claimant's evidence.

17  *Id*. at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that

18  erroneously rejected evidence may be credited when all three elements are met).

19  IV.  EVALUATING DISABILITY

20  As the claimant, Ms. De Guzman bears the burden of proving that she is disabled

21  within the meaning of the Social Security Act (the "Act").  *Meanel v. Apfel*, 172 F.3d 1111,

22  1113 (9th Cir. 1999)  (internal citations omitted).  The Act defines disability as the "inability to

23  engage in any substantial gainful activity" due to a physical or mental impairment which has

24  lasted, or is expected to last, for a continuous period of not less than twelve months.  42

25  U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her

26  impairments are of such severity that she is unable to do her previous work, and cannot,

REPORT AND RECOMMENDATION
PAGE -3

01  considering her age, education, and work experience, engage in any other substantial gainful

02  activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see*

03  *also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

04         The Commissioner has established a five step sequential evaluation process for

05  determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§

06  404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At

07  step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at

08  any step in the sequence, the inquiry ends without the need to consider subsequent steps.

09  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20

10  C.F.R. §§ 404.1520(b), 416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the

11  Commissioner proceeds to step two.  At step two, the claimant must establish that she has one

12  or more medically severe impairments, or combination of impairments, that limit her physical

13  or mental ability to do basic work activities.  If the claimant does not have such impairments,

14  she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe

15  impairment, the Commissioner moves to step three to determine whether the impairment

16  meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§

17  404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for

18  the required twelve-month duration requirement is disabled.  *Id.*

19         When the claimant's impairment neither meets nor equals one of the impairments listed

20  in the regulations, the Commissioner must proceed to step four and evaluate the claimant's

21  RFC.  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical

22  and mental demands of the claimant's past relevant work to determine whether she can still

23  perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform

24  her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the

25

26         [1] Substantial gainful activity is work activity that is both substantial, i.e., involves
significant    physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R.
§ 404.1572.

REPORT AND RECOMMENDATION
PAGE -4

01 Commissioner at step five to show that the claimant can perform other work that exists in

02 significant numbers in the national economy, taking into consideration the claimant's RFC,

03 age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180

04 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work,

05 then the claimant is found disabled and benefits may be awarded.

V.  DECISION BELOW

07       On November 25, 2005, the ALJ issued a decision finding:

08     1.    The claimant meets the non-disability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

    2.    The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

    3.    The claimant's chronic stomach/abdominal pain status-post surgery is considered "severe" based on the requirements in 20 CFR §§ 404.1520(c) and 416.920(c).

    4.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

    5.    The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

    6.    The claimant retains the residual functional capacity for a full range of light work.  She can occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday.

    7.    The claimant's past relevant work as a packing/assembly worker and a housekeeper do not require the performance of work-related activities precluded by her residual functional capacity (20 CFR §§ 404.1565 and 416.965).

    8.    The claimant's medically determinable impairments do not prevent her from performing her past relevant work as a packing/assembly worker and a housekeeper.

    9.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR §§ 404.1520(f) and 416.920(f)).

REPORT AND RECOMMENDATION
PAGE -5

01 | AR at 42-43.

02 | ## VI.  ISSUES ON APPEAL

03 | The two issues on appeal are:

04 | 1.    Did the ALJ err in making an adverse credibility determination?

05 | 2.    Did the ALJ err in his evaluation of the medical opinions of Drs. Popanz, Mirza and Vaught?

06 | Dkt. No. 21 at 17, 22.

07 | ## VII.  DISCUSSION

08 | A.    The ALJ Did Not Err in Making an Adverse Credibility Determination

09 | Credibility determinations are particularly within the province of the ALJ.  *Andrews*, 53

10 | F.3d at 1043.  Nevertheless, when an ALJ discredits a claimant's subjective symptom

11 | testimony, he must articulate specific and adequate reasons for doing so.  *Greger v. Barnhart*,

12 | 464 F.3d 968, 972 (9th Cir. 2006).  The determination of whether to accept a claimant's

13 | subjective symptom testimony requires a two-step analysis.  20 C.F.R. §§ 404.1529, 416.929;

14 | *Smolen*, 80 F.3d at 1281; Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, *2-3.

15 | First, the ALJ must determine whether there is a medically determinable impairment that

16 | reasonably could be expected to cause the claimant's symptoms.  20 C.F.R. §§ 404.1529(b),

17 | 416.929(b); *Smolen*, 80 F.3d at 1281-82; SSR 96-7p, 1996 WL 374186, *2-3.  Once a

18 | claimant produces medical evidence of an underlying impairment, the ALJ may not discredit

19 | the claimant's testimony as to the severity of symptoms solely because they are unsupported

20 | by objective medical evidence.  *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en

21 | banc).  Absent affirmative evidence that the claimant is malingering, the ALJ must provide

22 | "clear and convincing" reasons for rejecting the claimant's testimony.  *Smolen*, 80 F.3d at

23 | 1284; *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988).

24 | An ALJ is not "required to believe every allegation of disabling pain" or other non-

25 | exertional impairment.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  When evaluating a

26 | claimant's credibility, however, the ALJ "must specifically identify what testimony is not

REPORT AND RECOMMENDATION
PAGE -6

01    credible and what evidence undermines the claimant's complaints." *Greger*, 464 F.3d at 972

02    (internal quotation omitted).  General findings are insufficient.  *Smolen*, 80 F.3d at 1284;

03    *Reddick*, 157 F.3d at 722.  The ALJ may consider "ordinary techniques of credibility

04    evaluation," including the claimant's reputation for truthfulness, inconsistencies in testimony

05    or between her testimony and conduct, daily activities, work record, and the testimony from

06    physicians and third parties concerning the nature, severity, and effect of the symptoms of

07    which she complains.  *Smolen*, 80 F.3d at 1284.

08         Here, there are no allegations that plaintiff was malingering, therefore the ALJ was

09    required to provide clear and convincing reasons for discounting her testimony.  *Reddick*, 157

10    F.3d at 722.  The ALJ found that plaintiff's medically determinable impairments could

11    reasonably be expected to produce the symptoms she alleged, but concluded that plaintiff's

12    "statements concerning the intensity, persistence and limiting effects of these symptoms are

13    not entirely credible."  AR at 20.  In making this determination, the ALJ considered all

14    symptoms alleged by plaintiff that could "reasonably be accepted as consistent" with the

15    objective medical evidence and other evidence presented in the record, based on the

16    requirements of 20 C.F.R. § 404.1527 and SSRs 96-4p and 96-7p.[2]  AR at 20.

17         The ALJ found that the plaintiff's testimony about her limitations was not entirely

18    credible.  In doing so, the ALJ noted that the plaintiff's subjective complaints were (a) not

19    supported by the activities of daily living that were inconsistent with the claimed limitations;

20    (b) evidence of symptom exaggeration; and (c) not supported by objective evidence.

21              1.    *Daily Living Activities*

22         The ALJ found that the credibility of plaintiff's testimony concerning her limitations

23

24         [2]  Social Security Rulings do not have the force of law.  Nevertheless, they "constitute
      Social Security Administration (SSA) interpretations of the statute it administers and of its own
25    regulations," and are binding on all SSA adjudicators.  20 C.F.R. § 402.35(b);  *Holohan v.*
      *Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001).  Accordingly, such rulings are given
26    deference by the courts "unless they are plainly erroneous or inconsistent with the Act or
      regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

REPORT AND RECOMMENDATION
PAGE -7

01 was undermined because she was able to "clean for one hour, vacuum, dust, sweep, wash

02 dishes and clean the bathroom." AR at 20. In addition, he noted that the plaintiff reads,

03 watches television, visits with family and a few friends, and is able to take public

04 transportation. AR at 40. Accordingly, the ALJ concluded that the plaintiff was "engaging in

05 a normal level of daily activity and activities that require concentration." AR at 40. The ALJ

06 also relied on the fact that the plaintiff was able to continue to engage in work after the alleged

07 onset date, from which he concluded that the plaintiff's daily activities have been greater than

08 reported. AR at 40.

09        The ALJ is permitted to draw an adverse inference as to the plaintiff's credibility when

10 the claimant is able to engage in daily activities inconsistent with an alleged impairment.

11 *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). The ALJ did not err by finding that the

12 plaintiff's daily activities were inconsistent with the impairments alleged, thereby making an

13 appropriate adverse credibility determination.

14                    2.    *Symptom Exaggeration*

15        Throughout his opinion, the ALJ cited to medical records that indicated the plaintiff

16 was responding to treatment in a way that was inconsistent with her subjective symptom

17 testimony. The ALJ noted in his initial decision that "[b]eyond the abdominal surgery in 1995,

18 her treatment has been essentially routine and/or conservative in nature. Despite her reports of

19 relatively serious problems, treating and examining physicians found no or only mild objective

20 findings and observed no major difficulties with functioning during the examinations." AR at

21 39. An ALJ can take into account a claimant's exaggeration of pain experienced or limitations

22 produced thereby when assessing credibility. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th

23 Cir. 2001).

24        In addition, the ALJ cited to medical reports that indicated that the plaintiff had

25 cancelled multiple appointments for physical therapy. AR at 265. Failure to follow-up on

26 treatment can be considered in making an adverse credibility determination. *Burch*, 400 F.3d

REPORT AND RECOMMENDATION
PAGE -8

01  at 681.

02      The ALJ also noted that Dr. Popanz did not believe the plaintiff was cooperating fully

03  during an examination.  AR at 36.  While failure to give maximum effort during a consultative

04  evaluation can be considered as an indicator of lack of credibility, in this case, it would not be

05  appropriate to do so.  Dr. Popanz believed this was due to depression rather than to mental

06  conditions impacting the plaintiff.  AR at 234.  Accordingly, it was error for the ALJ to cite

07  this as a basis for lack of credibility.  However, elimination of any one reason does not mean

08  that the ALJ's entire credibility assessment is improper.  *Batson v. Commissioner*, 359 F.3d

09  1190, 1197 (9th Cir. 2004).  Upon examining the record as a whole, this Court cannot

10  conclude that the ALJ erred in finding that the plaintiff's credibility was adversely impacted by

11  an exaggeration of symptoms.

12                      3.     *Lack of Objective Evidence*

13      As discussed above, an ALJ may not discredit the claimant's testimony as to the

14  severity of symptoms solely because they are unsupported by objective medical evidence.

15  However, an ALJ can take the lack of objective evidence in combination with other factors to

16  reach an adverse credibility determination.  *Burch*, 400 F.3d at 680.

17      The ALJ (and as supported by the Appeals Council) took into consideration the entire

18  record, and found multiple occasions in which the plaintiff's complaints were not supported by

19  the objective medical evidence presented.  The ALJ concluded that the plaintiff's inconsistent

20  statements, symptom exaggeration and lack of objective evidence discredited the plaintiff's

21  testimony.  The ALJ's use of this method of analysis to make credibility determinations is

22  proper.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).  The ALJ's adverse

23  credibility determination is supported by substantial evidence and must be affirmed.

24      B.     The ALJ Did Not Err in His Evaluation of the Medical Evidence

25      In her twenty-four page brief, the plaintiff claims, in what almost appears to be two-

26  page afterthought, that the ALJ failed to properly evaluate the medical opinions of three

REPORT AND RECOMMENDATION
PAGE -9

01  physicians, Drs. Popanz, Mirza, and Vaught.[3]

02          1.      *Standards of Review*

03          As a matter of law, more weight is given to a treating physician's opinion than to that

04  of a nontreating physician because a treating physician "is employed to cure and has a greater

05  opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751;

06  *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "Likewise, greater weight is

07  accorded to the opinion of an examining physician than a non-examining physician." *Andrews*,

08  53 F.3d at 1041; *see also* 20 C.F.R. § 416.927(d)(1).

09          A treating physician's opinion, however, is not necessarily conclusive as to either a

10  physical condition or the ultimate issue of disability, and can be rejected, whether or not that

11  opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a

12  treating or examining physician, the ALJ must give clear and convincing reasons for doing so

13  if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is.

14  *Reddick*, 157 F.3d at 725. "This can be done by setting out a detailed and thorough summary

15  of the facts and conflicting clinical evidence, stating his interpretation thereof, and making

16  findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state

17  his conclusions. "He must set forth his own interpretations and explain why they, rather than

18  the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir.

19  1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*,

20  157 F.3d at 725.

21          2.      *Dr. Popanz*

22          Timothy Popanz, Ph.D. is a Washington State Division of Disability psychologist who

23

24          [3] In her opening brief, plaintiff also claimed that the ALJ failed to properly evaluate the
    medical opinion of Dr. Wainstein, but this argument was withdrawn in the reply brief. Dkt. No.
25  25 at 10. Indeed, Dr. Wainstain provided a functional assessment of the plaintiff that was
    consistent with the RFC adopted by the ALJ, and his assessment was accorded significant weight
26  by the ALJ. AR at 41. This was also consistent with the findings of the state reviewing
    physicians. AR at 216.

REPORT AND RECOMMENDATION
PAGE -10

01  examined the plaintiff in July 2003.  AR at 233-49.  He concluded that the plaintiff was

02  suffering from depression, anxiety and panic attacks.  He concluded that she was "moderately

03  impaired in her abilities to reason, understand and remember" and "severely impaired in her

04  abilities to sustain concentration and persist at tasks.  She is moderately to severely impaired in

05  her abilities to interact socially and adapt to situations."  AR at 235.

06      The ALJ rejected Dr. Popanz's diagnoses.  AR at 19.  The ALJ did not find the

07  opinion persuasive, because there was, in the ALJ's opinion, minimal evidence to establish the

08  diagnoses.  The ALJ noted that little detail was provided regarding the specific diagnostic

09  criteria by Dr. Popanz.  In addition, although the plaintiff claimed to be suffering from the

10  mental symptoms since 1995, she continued to work at a gainful occupation until many years

11  thereafter.  Moreover, just three weeks before she saw Dr. Popanz, plaintiff said her

12  depression had been in remission for three years prior to the month before her evaluation.  AR

13  at 19.

14      The Appeals Council affirmed the ALJ's reasoning.  It noted:

15          The Administrative Law Judge's discussion of Dr. Popanz's opinions for
            mental limitations is supported by the record with regard to an essential lack of
16          treatment history and claimant's work activity between 1996 and 2003.
            Further, clinic notes after this consultant's examination reveal that the
17          claimant's depression was quite well controlled by April and June 2004 and she
            denied depression by July 2004. . . .  More recent clinic records show that in
18          January 2006 medications were working well for depression with mood good.

19  AR at 10 (internal citations omitted).

20      The ALJ's opinion regarding Dr. Popanz, and as supplemented by the Appeals Council

21  opinion, is supported by substantial evidence, as that term is defined, and must be affirmed.

22          3.    *Dr. Mirza*

23      In October 2004, the plaintiff was seen for neck surgery follow-up by Sohail K. Mirza,

24  M.D.  In a note, Dr. Mirza wrote: "No work for 1 year after surgery (5/20/05) and permanent

25  limits on bending, lifting, carrying."  AR at 462.  At the hearing, the ALJ called Dr. Robert

26  Nielsen, M.D. to testify as a Medical Expert ("ME").  The ME testified that he found nothing

REPORT AND RECOMMENDATION
PAGE -11

01  in her medical record that would preclude the plaintiff from performing "light work."  AR at

02  626.

03          After the first hearing, the ALJ was directed by the Appeals Council to reconsider the

04  plaintiff's residual functional capacity in light of all treating source opinions.  AR at 13.  The

05  ALJ did so, concluding that Dr. Mirza's opinion was "clearly exaggerated . . . and

06  unsupported on a longitudinal basis."  AR at 21.  He also found that the medical opinion was

07  premised on plaintiff's subjective complaints, and as discussed above, the ALJ concluded that

08  the plaintiff lacked credibility on these matters.

09          Upon review, the Appeals Council also sustained the ALJ's decision regarding Dr.

10  Mirza.

11          In this regard, the opinion for no work for 12 months to recover from the
    cervical fusion in May 2004 is inconsistent with the medical findings in October
12      2004 for good fusion and hardware placement by x-rays and by November
    2004 the pain was described as only mild.  Later x-rays revealed solid fusion
13      and no hardware failure.  In light of the adequate evaluations of the various
    physician and psychological opinions of record, the Council finds that the
14      recommended findings for a residual functional capacity for light work
    supported by the record, including the opinions provided by the state agency
15      medical sources, and examining consultant, and the medical expert at the
    hearing.

16  AR at 10 (internal citations omitted).

17          The ALJ's opinion regarding Dr. Mirza, and as supplemented by the Appeals Council

18  opinion, is supported by substantial evidence, as that term is defined, and must be affirmed.

19                  4.      *Dr. Vaught*

20          In her opening brief, the plaintiff argued that the ALJ did not address a one-page

21  physical capacity evaluation dated in May 2005, from Meridale A.Vaught, M.D.  AR at 499;

22  Dkt. No. 21 at 24.  The Commissioner pointed out that the ALJ did, in fact, discuss this

23  report, and provided clear and convincing reasons to reject the one-page form.  Dkt. No. 24 at

24  12.  The ALJ rejected Dr. Vaught's evaluation because the form did not indicate what

25  activities or forms of measure were used to determine the limitations found, that it was simply

26  a check-the-box form with no clinical or objective support in the record, and that it was

REPORT AND RECOMMENDATION
PAGE -12

01  inconsistent with medical evidence of record, including a November 2004 opinion of Dr.

02  Vaught.  AR at 41.  Opinions in formats such as check-the-box forms are entitled to little

03  weight.  *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996).  In her reply brief, the plaintiff

04  suggests that the ALJ should have re-contacted Dr. Vaught for additional information.  While

05  an ALJ has an obligation for fully develop an ambiguous record, the plaintiff's suggestion that

06  recontact is necessary when an ALJ provides clear and convincing reasons for disagreeing with

07  a physician is not supported by law.

08                         5.     *Summary Regarding Medical Opinion Evaluations*

09          The role of this Court is limited, and "constrained to review the reasons the ALJ

10  asserts."  *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).  The Court may neither

11  reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Robbins v.*

12  *Social Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  When the evidence is susceptible to

13  more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.

14  *Thomas*, 278 F.3d at 954.  While it is possible to interpret the evidence as urged by the

15  plaintiff, it simply cannot be said that this is the only rational interpretation.  *See id.*

16                                  VIII.  CONCLUSION

17          The Commissioner's denial of social security benefits in this case was free of reversible

18  legal error and supported by substantial evidence in the record as a whole.  Accordingly, the

19  Court recommends that the decision of the Commissioner be AFFIRMED, and plaintiff's case

20  DISMISSED with prejudice.   A proposed order accompanies this Report and

21  Recommendation.

22          DATED this 22nd day of February, 2008.

23

24                                          *James P. Donohue*
                                            _____
25                                          JAMES P. DONOHUE
                                            United States Magistrate Judge
26

REPORT AND RECOMMENDATION
PAGE -13